```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND
                         SOUTHERN DIVISION



UNITED STATES OF AMERICA       .    Criminal Case No. AW-08-0410
                               .
    v.                         .
                               .    Greenbelt, Maryland
ANDRE HALEY,                   .
                               .
            Defendant.         .    Wednesday, February 1, 2012
. . . . . . . . . . . . . . . .     4:15 p.m.




                    TRANSCRIPT OF RESENTENCING
           BEFORE THE HONORABLE ALEXANDER WILLIAMS, JR.
                   UNITED STATES DISTRICT JUDGE




APPEARANCES:

FOR THE GOVERNMENT:        EMILY N. GLATFELTER, ESQ.
                           Office of the United States Attorney
                           U.S. Courthouse, Suite 400
                           6500 Cherrywood Lane
                           Greenbelt, Maryland 20770


FOR THE DEFENDANT:         HARRY J. TRAINOR, JR., ESQ.
                           Trainor, Billman, Bennett & Milko, LLP
                           116 Cathedral Street, Suite E
                           Annapolis, Maryland 21401




OFFICIAL COURT REPORTER:   GLORIA I. WILLIAMS  301-344-3228

          COMPUTER-AIDED TRANSCRIPTION OF STENOTYPE NOTES
```

P R O C E E D I N G S

1  
2       THE COURT: Thank you. Let's be seated. Good
3  afternoon, everyone.
4       MS. GLATFELTER: Good afternoon, Your Honor. Calling
5  the case of United States v. Andre Haley, which is case number
6  AW-08-410. Your Honor, we are here for a resentencing. The
7  case has been remanded from the Fourth Circuit to have a
8  sentencing consistent with the Fair Sentencing Act.
9       I have written in my notes, the last time that the
10 defendant was sentenced was on May 19th of 2011, and at the
11 sentencing you sentenced the defendant to 120 months because
12 your "hands were tied" and otherwise you would sentence him to a
13 100 months.
14      THE COURT: How much?
15      MS. GLATFELTER: A hundred months. I advocated for the
16 position of 120 months on the advice of the Department of
17 Justice and they have now changed that advice and to make it
18 retroactive. And so, we're here jointly to resentence the
19 defendant because that's the right thing to do and --
20      THE COURT: And the Fourth Circuit still has not
21 addressed it yet, have they?
22      MS. GLATFELTER: I believe they have not addressed it
23 in a published opinion, but the department's policy now is to
24 agree --
25      THE COURT: Yes. They now believe that it's

1  retroactive or apply it?

2           MS. GLATFELTER:  Yes, Your Honor.

3           THE COURT:  I see.  All right, Mr. Trainor, yes.

4           MR. TRAINOR:  Thank you, Your Honor.  And if the court
5  needs it, we have a copy of a transcript.

6           THE COURT:  I don't doubt what you all tell me I said.
7  I mean, I don't have any problem with that.

8           MR. TRAINOR:  Your Honor, let me just start from the
9  beginning.  Since Mr. Haley was sentenced on May 19th of '11, I
10 haven't seen much of him.  He's been up at FCI Fairton.  He and
11 I have written back and forth.  I told him about what was
12 happening in the Court of Appeals and told him that the case was
13 remanded for resentencing.

14          When I met with him earlier today prior to sentencing
15 he raised a number of issues with me that I just would like to
16 put on the record.  He told me that he didn't think that he got
17 the two-level reduction under the crack amendment when he was
18 last sentenced.  I have shown him the plea agreement that he
19 entered into which showed a base offense level of 32, which my
20 recollection is and records support, which would have put him in
21 a final offense level of 29 after acceptance of responsibility.
22 I've shown him the statement of reasons that we got in this
23 case.  It shows that the total offense level that the court
24 found was a 27, which I believe to be accurate under the current
25 guidelines.  So, he did get that credit.  The court did apply

1   the 120-month mandatory minimum and invited us to appeal, which
2   we did, and the government and the defense filed a joint motion
3   to vacate the criminal judgment and remand for resentencing.
4           THE COURT:  Based on the department's position?
5           MR. TRAINOR:  Yes.  And the Fourth Circuit remanded it
6   for resentencing without making a formal finding of anything,
7   which is apparently what they're doing in these cases, I'm told.
8           Now we're back for resentencing.  I know the court has
9   indicated what the court feels was appropriate as of May 19,
10  '11.  Mr. Haley has asked me to and I will argue for the
11  mandatory minimum now to be applied of five years.  He thinks
12  his sentence should be 60 months.
13          He would like me to remind the court that he is now 47
14  years old.  He's actually brought in to me something that might
15  be of interest to the court, which is his inmate progress
16  report.  He's apparently doing very well up there.  He had a
17  problem that he asked me to say something about, that apparently
18  the presentence report did not verify the fact that he took the
19  GED exam and passed it in 1984.  So, he feels that he's being
20  penalized by the Bureau of Prisons because they're making him go
21  through that GED program again and he can't get the proper pay
22  for his job up there while he's listed as not having a GED.
23          I have spoken with his sister, who is here in the
24  courtroom, and she's going to go -- she has tried to get his
25  records showing that he has, in fact, passed the GED.  She's

1  going to try again and we're going to get that to Mr. Haley as
2  soon as we have that record.  He complained that the presentence
3  report was inaccurate and that the report writer did not ever
4  verify that information with his family.
5       Other than that, however, I know the court has
6  indicated how the court sees it.  I'm asking the court under
7  3553 to find that a sentence of 60 months is sufficient but not
8  greater than necessary under all the circumstances of this case,
9  and other than that I submit.  I don't know that Mr. Haley -- I
10 know Mr. Haley has a right to address the court.
11      THE COURT:  Yes, I'll let Mr. Haley speak, but I need
12 to hear back from the government to see if they have anything
13 additional.  There's a request being made for a variance under
14 3553.  I know I initially said that I wanted to go to the bottom
15 of the guidelines but my hands were tied.
16      MS. GLATFELTER:  Right.
17      THE COURT:  The guideline sentence is 100 to
18 120-something -- 21.
19      MR. TRAINOR:  Yes, 125 is the top of --
20      THE COURT:  Yes, 25.  And that was my situation then.
21 And so, I'm giving the government an opportunity to remind me of
22 anything you want to remind me of.  I know there was a plea
23 agreement and the government conceded on certain enhancements
24 and notices that they could have raised.  So, go ahead,
25 government.

```
1        MS. GLATFELTER:  Your Honor, I would just like to note,
2   as Mr. Trainor has, that at the prior sentencing, after hearing
3   all of the reasons brought forward by the government and the
4   defendant at that time, that the court clearly said -- and
5   Mr. Trainor has a transcript which shows that -- "I would
6   sentence the defendant to a hundred months except that I'm bound
7   to do 120 months."  There is nothing -- there is nothing between
8   that sentencing and today that would justify a 40-month
9   departure from the sentence the court wanted to impose that day
10  and I would say that it's inappropriate to do so.  The only
11  thing that's changed here has been the department policy that
12  has allowed me to agree to a resentencing.  That's the only fact
13  that's changed here and that really is relevant to this
14  sentencing.
15       THE COURT:  All right.  Mr. Haley, you can just bring
16  the mike closer if you'd like to say something to me and I'll be
17  glad to hear you, sir.
18       THE DEFENDANT:  Yes.  I'm sorry to disturb your
19  courtroom once more.
20       THE COURT:  No, this is not a problem.  I encouraged
21  you all to appeal, again, because I felt under the circumstances
22  I just couldn't go below 120.  So, this is not a problem.  I'm
23  here and will continue to be here for a while.
24       THE DEFENDANT:  Okay.  During my incarceration I have
25  become more spiritually grounded and I also think that at my age
```

1  I'm very embarrassed about being in your courtroom right now
2  arguing for my life.
3          Saying so, I have been taking up mentoring programs in
4  the institution I'm in for others, and will continue to do so,
5  and I've also been taking up various typing classes and other
6  things.  I don't know what else I can do.  I don't really have
7  the -- I probably do have the right words to say right now, but
8  I'm not good at speaking in public.
9          THE COURT:  All right.  Well, Mr. Haley, I'm looking
10 through the file here and attempting to remind me of what I did
11 before.  A lot of the things that have happened since you were
12 sentenced, of course, that would be more appropriate if you were
13 appearing before some parole board or something like that and,
14 as I'm sure Mr. Trainor has told you, in the federal system
15 there's no more parole board, that people get good time and they
16 serve their time and so forth.
17         So, the adjustment that you've made, while I certainly
18 commend you for it and take it into consideration, it's not
19 particularly relevant to that or the sentencing today.
20         The Fourth Circuit remanded this case at the joint
21 request of the parties.  Both the government and your attorney
22 both agreed without any argument that the case should be
23 returned because the government's policy with reference to the
24 Fair Sentencing Act had changed.  They notified us that they
25 were taking a position contrary to other prosecuting offices.

1  Well, no, that's the entire Justice Department.  That came down
2  from the Justice Department.  Yes, from Eric Holder's office.
3          MS. GLATFELTER:  Yes.  We weren't doing anything that
4  other offices weren't doing.
5          THE COURT:  I see.  Okay.  Great.  All right.  Okay.
6  So, Eric Holder's office came down and basically said we take
7  the position that it is retroactive.  And so, that's fine.
8          So, it's come back before me now and that impediment
9  that I thought I had back on the time that I sentenced you,
10 which was May 19th, is no longer there.
11         And I will say this, Mr. Haley.  You've had some, as I
12 said, brushes with the law.  What was his criminal history
13 category?
14         MS. GLATFELTER:  Four.
15         THE COURT:  Yes, it was a four.  Yes, I have it here
16 now.  Yes, your criminal history category was a four.  You
17 narrowly missed being classified as a career offender and that's
18 because one of your drug convictions was outside the time period
19 and you were given a suspended sentence for that one and given
20 credit for 81 days.  So that didn't count.  So you were able to
21 escape being a career offender.
22         Also, I had a chance yesterday to look at the plea
23 agreement that you and the government entered and I did notice
24 that as part of your plea agreement, the government agreed with
25 you in this plea agreement not to give notice that they were

1 seeking to enhance your sentence. That was -- let me make sure
2 I find the paragraph.
3     MR. TRAINOR: It's paragraph 12, Your Honor.
4     THE COURT: Yes, paragraph 12. And so, yes. So the
5 government gave up something and you benefited from that and
6 that's why you had a fairly reasonable range of 100 to 125
7 months.
8     Well, my obligation is to at least look at the 3553
9 factors because your attorney has requested a variance down to
10 60 months. And my job, of course, is to look at the nature of
11 the offense, and this is a distribution case. It's a very
12 serious case that does affect the public, as you know, when
13 drugs are being distributed in the community.
14     We also have to look at respect for the law, and your
15 presentence report was not that good. It showed a number of
16 contacts that you had with the criminal justice system. I'm
17 looking at page 4 of the presentence report, starting at age 19,
18 and you went on and on and it went on to paragraph, actually,
19 40, and then you had other brushes with the law that didn't
20 count. But you've had a fairly significant criminal record.
21     And part of the considerations that courts have to look
22 at is what we call deterrence. We have to deter you, make sure
23 that the sentence properly reflects some time that will let you
24 know that you can't do that and you've got to be protected from
25 contact with the public for fear of you doing that sort of thing

1  again, and we've got to do something to persuade you from
2  engaging in that again.
3  But there's also another kind of disparity -- excuse
4  me -- of deterrence, which we call general deterrence, which
5  persuades the public as to what will happen to them if they
6  repeat such conduct.
7  And then, finally -- I was getting to this a little
8  sooner than I wanted to, but we call that trying to avoid
9  disparities of sentencings and what that means, Mr. Haley, is
10 that I must make sure that the sentence that I give people is
11 consistent with others similarly situated, and I try not to make
12 unwarranted differences between people who commit similar
13 offenses.
14 The record that you bring and what you present together
15 with the amount of drugs that was involved together with the
16 plea agreement does call for a guideline sentence and there's no
17 particular reasons for me to go outside the guidelines in this
18 case. I think the things that I mentioned to you at the time I
19 sentenced are also applicable. I'm going to incorporate those
20 things again. And I don't think this is a case that calls for
21 any variance or departure away from the guideline sentence in
22 this case. I think the sentence of 100 months, which is at the
23 low end of the guideline range, captures the factors that I've
24 already talked to you about, nature of the offense, protection
25 of the public, deterrence, avoiding disparities and so forth,

1   and just general respect for the law.  So, the 100 months, I
2   think at the low end, is where I'm going to end up again.  And
3   you're obviously entitled to credit, madam clerk, for the time
4   that he has spent therein.
5           So, I've looked at it, Mr. Haley.  I don't think it's
6   appropriate for me to go down to the 60 months, which is the
7   mandatory minimum, but it's a guideline sentence.  So that's
8   where I'm going to be.  I'm going to stay there.  And I think
9   the facts and circumstances support me giving you a sentence at
10  100 months, which is at the low end of the guidelines.
11          So, madam clerk, that's the sentence.  And the same
12  other conditions that I gave with reference to the previous
13  judgment would apply, and make sure you give him credit for his
14  time served from -- looks like June 24, 2009.
15          Anything else?
16          MS. GLATFELTER:  No, Your Honor.
17          THE COURT:  All right.  He is advised, Mr. Trainor, if
18  you can remind him once again that he has 10 days from today to
19  note his appeal to the United States Court of Appeals for the
20  Fourth Judicial Circuit, and if he doesn't want to appeal, you
21  can get him to execute something.  If he does, then you would
22  note his appeal.
23          MR. TRAINOR:  Thank you, Your Honor.
24          THE COURT:  All right.  Madam clerk, anything else?
25          THE DEPUTY CLERK:  No, sir.

1  THE COURT: All right. This concludes this. Thank
2  you.
3  (Proceedings adjourned at 4:35 p.m.)
4  <u>CERTIFICATE OF REPORTER</u>
5  I hereby certify that the foregoing is a true and
6  accurate transcript of proceedings in the above-entitled matter,
7  to the best of my knowledge and ability.

10  _____/s/_____
    Gloria I. Williams
11  Official Court Reporter